## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors.<br>———————————————<br>ALAMEDA RESEARCH LLC, FTX TRADING LTD., WEST REALM SHIRES, INC., and WEST REALM SHIRES SERVICES INC. (d/b/a FTX.US),<br><br>    Plaintiffs,<br><br>    v.<br><br>DANIEL FRIEDBERG,<br><br>    Defendant. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br><br><br>Adv. Pro. 23-50419 (JTD) |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO FILE CERTAIN CONFIDENTIAL INFORMATION IN THE COMPLAINT UNDER SEAL AND (B) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" or the "FTX Group") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal certain information contained in the *Complaint* (the "Complaint"), filed contemporaneously herewith,  and (b) granting related relief.  In support of the Motion, the Debtors respectfully state as follows:

## Background

1.     On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.     Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.     Contemporaneously herewith, certain of the Debtors filed the Complaint against Defendant Daniel Friedberg (the "Defendant") for various causes of action for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, legal malpractice/professional

negligence, corporate waste, aiding and abetting corporate waste, fraudulent transfer and disallowance of claim.

4.      Prior to the Petition Date, certain members of the FTX Group, under the direction of Defendant, entered into confidential settlement and release agreements (collectively, the "Settlement Agreements" and each a "Settlement Agreement") with certain whistleblowers in an orchestrated scheme to pay off individuals that threatened to expose damaging information regarding the FTX Group enterprise.  The Complaint contains references to certain information (collectively, the "Confidential Information") that is designated confidential pursuant to the Settlement Agreements.  The Confidential Information contains information relating to the negotiation and final terms of the Settlement Agreements.

5.      In connection with the ongoing litigation in the above-captioned adversary proceeding (the "Adversary Proceeding"), the Debtors anticipate filing additional documents that also may contain references to the Confidential Information.  As such, the Debtors seek authority to file the Confidential Information under seal in the Complaint and any future documents filed in the Adversary Proceeding that contain references to the Confidential Information.  The Debtors will provide counsel to Defendant with an unredacted version of the Complaint on a highly confidential basis.

## Jurisdiction

6.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).  Pursuant to Local Rule 9013-1(f), the

Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

7.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to file the Complaint under seal and (b) granting related relief.

**Basis for Relief**

8.      A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.  Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm.  In relevant part, section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).  Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Bankruptcy Code section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

9.     The Debtors respectfully submit that the Confidential Information in the Complaint that they seek to seal pursuant to this Motion is subject to confidentiality obligations agreed to by the pre-petition Debtors.  While the Debtors continue to evaluate the Debtors' ongoing obligations under the relevant agreements and take appropriate action, the Confidential Information remains of a sensitive, confidential and proprietary nature, and thus, is confidential commercial information as contemplated by section 107 of the Bankruptcy Code.

10.     Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994).  If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27.  Moreover, the resulting order should be broad, that is "any order which justice requires."  FED. R. BANKR. P. 9018; *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).  Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes."  *In re Orion Pictures Corp.*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

11.     Here, keeping the Confidential Information regarding the terms of each's Settlement Agreement under seal is appropriate under section 107(b) of the Bankruptcy Code.  The pre-petition Debtors entered into a contractual obligation to keep the Confidential Information confidential under the Settlement Agreements.   Sealing of the Confidential Information thus satisfies the Debtors' contractual obligations and preserves the Debtors' non-public, confidential and commercially sensitive information.  Additionally, the Confidential Information includes

information which, if disclosed, could put the Debtors' asset recovery efforts and investigations of prior wrongdoing at risk, to the detriment of all stakeholders. Such a disclosure in a high-profile case of this nature could impact the ability of the Debtors to continue their efforts in recovering assets and prosecuting previous instances of wrongdoing.

12.     Therefore, the Debtors submit for the reasons set forth herein that cause exists under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for the Debtors to file the Confidential Information under seal.

## CERTIFICATION OF COUNSEL

13.     Pursuant to Local Rule 9018-1(d), undersigned counsel certifies that the Confidential Information contained in the Settlement Agreement is Confidential Information of the Debtors. As such, the Debtors have not conferred with counterparties to the Settlement Agreements related to the relief requested herein.

## Notice and No Prior Request

14.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; and (c) the Defendant. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: June 27, 2023
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Sascha N. Rand (admitted *pro hac vice*)
Katherine A. Lemire (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
sascharand@quinnemanuel.com
katherinelemire@quinnemanuel.com

William A. Burck (admitted *pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
williamburck@quinnemanuel.com

*Special Counsel to the Debtors*