## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| ALAMEDA RESEARCH LLC, FTX TRADING LTD., WEST REALM SHIRES, INC. and WEST REALM SHIRES SERVICES INC. (d/b/a FTX.US), | Adv. Pro. 23-50419 (JTD) |
| Plaintiffs and Counterclaims Defendants | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| v. | |
| DANIEL FRIEDBERG, | |
| Defendant, Counterclaims Plaintiff | **JURY TRIAL REQUESTED FOR ALL CLAIMS AND COUNTERCLAIMS** |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS[2]

---

[1] Due to the large number of Debtor entities, the names are omitted from the caption and a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Delaware Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 7008-1, in this pending adversary proceeding, Case No. 23-50419 (JTD) under the chapter 11 case of the above captioned debtors, Case No. 22-11068 (JTD), Friedberg does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

129793073.4

COMES NOW Defendant Daniel Friedberg ("Friedberg") by his attorneys who hereby files this Answer, Affirmative Defenses, and Counterclaims, all in response to Plaintiffs' Complaint (D.I. 1) as amended by Plaintiffs' Notice of Filing Corrected Pages of Complaint (D.I. 5) (referred hereinafter as the "Complaint") as follows:

1.      Friedberg denies the allegations applicable to him in paragraph 1 of the Complaint. Friedberg is without sufficient knowledge to form a belief as to the remaining allegations in paragraph 1 of the Complaint and therefore denies those allegations.

2.      Friedberg admits that that the Plaintiffs previously retained the law firm for which Friedberg previously worked but otherwise denies the remainder of the allegations in paragraph 2 of the Complaint.

3.      As to the allegations in paragraph 3 of the Complaint, without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set forth below in this paragraph 3 of this Answer:[3]  The Plaintiffs previously retained the law firm for which Friedberg previously worked prior to his formal hiring and being hired, as an employee, in January 2020.  Friedberg served as Alameda's General Counsel from January 2020 until December 2021 when Alameda hired its own full time general counsel, and then as legal counsel for Alameda from December 2021 until November 2022; Friedberg served as FTX's General Counsel from January 2020 until August 2021 when FTX hired its own

---

[3] Friedberg did not retain copies of the Debtors' corporate and governing documents, nor was Friedberg under any known obligation or duty to do so. Friedberg does not have copies of or access to any board meeting minutes and/or board or corporate resolutions that are part of the Debtors' books and records that would be the official corporate record evincing any formal or informal investiture of his titles, roles, duties, or responsibilities.

replacement full time general counsel, and then as Chief Regulatory Officer[4] from approximately October 2021 until November 2022; Friedberg served as WRS's and FTX US's General Counsel from January 2020 until July 2021 when FTX US hired its own replacement full time general counsel; Friedberg served as FTX US's Chief Compliance Officer and Executive Vice President from January 2020 until November 2022.  To the extent any of the allegations in paragraph 3 of the Complaint conflict with or are otherwise inconsistent with the above specifically enumerated admissions, Friedberg denies those allegations. Otherwise, Friedberg denies the allegations in paragraph 3 of the Complaint.

4.      Friedberg denies the allegations in paragraph 4 of the Complaint with respect to himself, but is without sufficient knowledge to form a belief as to the allegations in paragraph 4 of the Complaint with respect to anyone else and therefore denies those allegations.

5.      Friedberg denies the allegations in paragraph 5 of the Complaint with respect to himself and is without sufficient knowledge to form a belief as to the allegations in paragraph 5 of the Complaint with respect to others and therefore denies those allegations.

6.      Friedberg denies the allegations in paragraph 6 of the Complaint with respect to himself and is without sufficient knowledge to form a belief as to the allegations in paragraph 6 of the Complaint with respect to others and therefore denies those allegations.

7.      Friedberg denies the allegations in paragraph 7 of the Complaint.

8.      Friedberg denies the allegations in paragraph 8 of the Complaint.

---

[4] FTX hired a new general counsel in August of 2021, replacing Friedberg.  Thereafter, Friedberg served as FTX's Chief Regulatory Officer where FTX's CEO, Bankman-Fried, directed Friedberg to focus on, and Friedberg did focus on worldwide regulatory licensing efforts of FTX's crypto-derivatives platform.

9.        The first sentence of paragraph 9 of the Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Friedberg is without sufficient knowledge to form a belief as to the allegations in the first sentence of paragraph 9 of the Complaint and therefore denies those allegations. Friedberg denies the allegations in the second sentence of paragraph 9 of the Complaint.

10.       The first sentence of paragraph 10 of the Complaint is a legal conclusion to which no response is required.  To the extent a response is required, without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg only admits and incorporates by reference, the responses in paragraph 3 of this Answer.  To the extent the allegations in paragraph 10 of the Complaint conflict with or are otherwise inconsistent with paragraph 3 of this Answer, Friedberg denies the allegations.  Otherwise, Friedberg denies the allegations in paragraph 10 of the Complaint.

11.       Paragraph 11 does not contain any allegations to which a response is necessary.  To the extent an answer is required, Friedberg denies all the allegations set forth in paragraph 11.

12.       Friedberg admits only that Debtor Alameda is a Delaware limited liability company that had operations in the United States, Hong Kong, and the Bahamas, but Friedberg is without sufficient knowledge as to the remaining allegations in paragraph 12 of the Complaint and thus denies those allegations.

13.       Friedberg admits the allegation in paragraph 13 of the Complaint.

14.       Friedberg admits that Debtor West Realm Shires, Inc. is a Delaware corporation, but Friedberg is without specific knowledge as to the remaining allegations in paragraph 14 of the Complaint and thus denies those allegations.

15.     Friedberg admits the allegations in paragraph 15 of the Complaint.

16.     Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits the first sentence of paragraph 16 of the Complaint.  As to the remaining allegations in paragraph 16, without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer of the Complaint, Friedberg admits only as set out in, and incorporates by reference, paragraph 3 of this Answer.  To the extent the allegations in paragraph 16 of the Complaint conflict or are otherwise inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations.  Otherwise, Friedberg denies the allegations in paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint is a legal conclusion to which no response is required.  But to the extent a response is required, Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 17 of the Complaint and therefore denies those allegations.

18.     Paragraph 18 of the Complaint is a legal conclusion to which no response is required.  But to the extent a response is required, Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 18 of the Complaint and therefore denies those allegations.

19.     Paragraph 19 does not contain any allegations to which a response is necessary. To the extent a response is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 19 and therefore denies those allegations. Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Delaware Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 7008-1, in this pending adversary

proceeding, Case No. 23-50419 (JTD), under the Chapter 11 case of the above captioned debtors, Case No. 22-11068 (JTD), Friedberg does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

20.      Paragraph 20 is a legal conclusion and does not contain any allegations to which a response is necessary.  To the extent an answer is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 20 of the Complaint and therefore denies those allegations. Friedberg reserves all rights to contest venue.

21.      Paragraph 21 does not contain any allegations to which a response is necessary. To the extent an answer is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 21 of the Complaint and therefore denies those allegations.

22.      Paragraph 22, and its accompanying footnote, do not contain any allegations to which a response is necessary.  To the extent an answer is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 22 of the Complaint and therefore denies those allegations.

23.      Paragraph 23 of the Complaint does not contain any allegations to which a response is necessary.  To the extent an answer is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 23 of the Complaint and therefore denies those allegations.

24.      Friedberg admits that Bankman-Fried and Wang founded FTX.com, created by FTX, but denies the remaining allegations in paragraph 24 of the Complaint.

25.        Friedberg admits the allegations in Paragraph 25 of the Complaint, provided that Wang and Nishad Singh were also founders of FTX US, and FTX US offered services worldwide except in limited prohibited jurisdictions.

26.        Friedberg generally admits the allegations set forth in the first sentence of paragraph 26 of the Complaint, but Friedberg is without sufficient knowledge to form a belief as to the remaining allegations in paragraph 26 of the Complaint and therefore denies those allegations.

27.        Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 27 of the Complaint and therefore denies those allegations.

28.        Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set out in, and incorporates by reference, paragraph 3 of this Answer.  To the extent the allegations in paragraph 28 of the Complaint conflict or are otherwise inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations. Otherwise, Friedberg denies the allegations in paragraph 28 of the Complaint, except that Friedberg is without sufficient knowledge to form a belief as to allegations set forth in the last sentence of paragraph 28 of the Complaint and therefore denies those allegations.

29.        Friedberg admits the January offer letter offered Friedberg a position as an employee in the capacity of General Counsel of Alameda, the terms of the employment, and the date Friedberg signed the offer letter.  Otherwise, Friedberg is without sufficient knowledge and thus denies the allegations as set forth in paragraph 29 of the Complaint.

30.        Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set out in, and incorporates by reference,

paragraph 3 of this Answer.  To the extent that the allegations in paragraph 30 of the Complaint conflict or are otherwise inconsistent with paragraphs 3 and 31 of this Answer, Friedberg denies those allegations.  Otherwise, Friedberg denies the allegations in paragraph 30 of the Complaint.

31.     Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set out in, and incorporates by reference, paragraph 3 of this Answer and that he served as Secretary for the Board of Directors at several FTX Group entities including FTX Digital Markets Ltd., FTX Property Holdings Ltd., and FTX US, and as a non-board member of FTX US's Risk and Compliance Committee.  To the extent the remaining allegations in paragraph 31 of the Complaint conflict or are otherwise inconsistent with paragraphs 3 and 31 of this Answer, Friedberg denies those allegations.

32.     Friedberg is without sufficient knowledge as to whether he was routinely identified as a member of the senior executive team and thus denies that allegation as set forth in paragraph 32 of the Complaint.  Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set out in, and incorporates by reference, paragraph 3 of this Answer.  To the extent the allegations in paragraph 32 of the Complaint conflict with or are otherwise inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations. The sworn declaration referenced in the second sentence of paragraph 32 of the Complaint was taken out of context and portrayed in a false light by the Plaintiffs, as the complete quote and context in fact limited Friedberg's role and clarified that the three internal General Counsels (not Friedberg) reported directly to Bankman-Fried (and not Friedberg).[5]

---

[5] Paragraph 6 of the sworn declaration in fact said as follows: "The goal was for the General Counsels to report directly to Sam where possible in the case of FTX International, the President of FTX.US in the case of FTX.US, and to the CEO of Alameda in the case of FTX Ventures. I oversaw all lawyers -- as needed -- to efficiently deliver legal services to the Organization."

Friedberg admits he made a statement regarding his titles, but denies any direct or implied allegation resulting from the statement, selectively quoted and included in the Complaint devoid of context. Otherwise, Friedberg denies the allegations in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint contains legal conclusions to which no responses are required.  To the extent responses are required, Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 33 as he does not have access to the Debtors' books and records to verify any admission of the Complaint and therefore denies those allegations.

34.     Friedberg admits that Alameda offered him an annual base salary of approximately $300,000, a $1.4 million signing bonus, performance-based annual bonuses, and an 8% equity stake in FTX US, and that FTX US paid Friedberg a small salary.  Friedberg is without sufficient knowledge to form a belief as to the remaining allegations as set forth in paragraph 34 of the Complaint and thus denies those allegations.

35.     Friedberg denies the allegations in paragraph 35 of the Complaint, except that Friedberg is without sufficient knowledge to form a belief as to the allegation set forth in the third sentence of paragraph 35 of the Complaint and thus denies those allegations.

36.     Friedberg admits the allegation in paragraph 36 of the Complaint.

37.     Insofar as paragraph 37 of the Complaint offers an allegation against Friedberg, Friedberg is without sufficient knowledge as to form a belief as to the Debtors' activities. Otherwise, Friedberg denies the allegations set forth in paragraph 37 of the Complaint, except that Friedberg accepts Plaintiffs' right to amend the Complaint in the instance that asset transfers were not documented or were structured to avoid detection.

38.     Friedberg denies the allegations set forth in paragraph 38 of the Complaint.

39.        Friedberg is without sufficient knowledge to form a belief as to the allegations set forth in paragraph 39 of the Complaint and therefore denies those allegations.

40.        Friedberg is without sufficient knowledge to form a belief as to the allegations set forth in paragraph 40 of the Complaint and therefore denies those allegations.

41.        Friedberg denies the allegations in paragraph 41 of the Complaint, except Friedberg admits requesting a law firm to form two subsidiaries, but denies any direct or implied allegation resulting from the statements, selectively quoted and included in the Complaint devoid of context.

42.        Friedberg is without sufficient knowledge to form a belief as to the allegations set forth in paragraph 42 of the Complaint and therefore denies those allegations.

43.        Friedberg denies the allegations set forth in paragraph 43 of the Complaint with respect to Friedberg.  Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 43 of the Complaint with respect to Bankman-Fried and therefore denies those allegations.

44.        Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 44 of the Complaint and therefore denies those allegations, except that Friedberg specifically denies being North Dimension's General Counsel and Compliance Officer and never characterized himself as such.

45.        Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 45 of the Complaint and thus denies those allegations, except Friedberg specifically denies preparing or reviewing the answers to the questionnaire described in the last sentence of paragraph 45 of the Complaint.

46.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 46 of the Complaint and therefore denies those allegations.

47.     Friedberg denies the allegations set forth in paragraph 47 of the Complaint.

48.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 48 of the Complaint and therefore denies those allegations.

49.     Friedberg does not hold the attorney client privilege and is without power to permissibly waive the Debtors' rights in regard to confidential information and the attorney client privilege and is bound not to violate the Debtors' rights in this regard, and thus any response should be read with this reservation and qualification to Friedberg's response.  To the extent that Federal Rule of Civil Procedure 8(b)(1)(B), as adopted by Federal Rule of Bankruptcy Procedure 7008, requires an admission or denial, ██████████████████

50.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 50 of the Complaint and therefore denies those allegations.

51.     Friedberg is without sufficient knowledge to form a belief as to the allegations set forth in paragraph 51 of the Complaint and therefore denies those allegations, except Friedberg admits drafting a Payment Agent Agreement.[6]

52.     Friedberg denies the allegation regarding his motive to avoid having to disclose as described in paragraph 52 of the Complaint, and Friedberg is without sufficient knowledge regarding the exact terms of the Payment Agent Agreement, and therefore denies the remaining allegations in paragraph 52 of the Complaint.

---

[6] Friedberg did not retain copies of the Debtors' contracts including the Payment Agent Agreement, nor was he under any known obligation or duty to do so.

53.      Friedberg is without sufficient knowledge regarding the creation date in document metadata and denies falsely backdating the Payment Agent Agreement and is without sufficient knowledge regarding the allegations in the second sentence of paragraph 53 of the Complaint, and therefore denies the remaining allegations of paragraph 53 of the Complaint.

54.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 54 of the Complaint and therefore denies those allegations.

55.      Friedberg denies the allegations in the last sentence of paragraph 55 of the Complaint as to Friedberg and is without sufficient knowledge to form a belief as to the remaining allegations in paragraph 55 of the Complaint as to the other FTX Insiders and thus denies those allegations. Friedberg is without sufficient knowledge to form a belief as to the remaining allegations in paragraph 55 of the Complaint and thus denies those allegations.

56.      Friedberg denies the allegations in paragraph 56 of the Complaint.

57.      Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 57 of the Complaint and therefore denies those allegations.

58.      Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 58 of the Complaint and therefore denies those allegations.

59.      Friedberg does not hold the attorney client privilege and is without power to permissibly waive the Debtors' rights in regard to confidential information and the attorney client privilege and is bound not to violate the Debtors' rights in this regard, and thus any applicable response should be read with this reservation and qualification to Friedberg's response.  To the extent that Federal Rule of Civil Procedure 8(b)(1)(B), as adopted by Federal Rule of Bankruptcy Procedure 7008, requires an admission or denial, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

60.     Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits the allegations made in the first sentence of paragraph 60 of the Complaint and denies the remaining allegations in paragraph 60 of the Complaint.

61.     Friedberg denies the allegations in paragraph 61 of the Complaint.

62.     Friedberg denies the allegations in paragraph 62 of the Complaint.

63.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 63 of the Complaint and therefore denies those allegations.

64.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 64 of the Complaint and therefore denies those allegations.

65.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 65 of the Complaint and therefore denies those allegations.

66.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 66 of the Complaint and therefore denies those allegations.

67.     Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set out in, and incorporates by reference, paragraph 3 of this Answer. To the extent the allegations in paragraph 67 of the Complaint conflict

or are inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations.  Otherwise, Friedberg denies the allegations in paragraph 67 of the Complaint.

68.      Friedberg denies the allegations in paragraph 68 of the Complaint.

69.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 69 of the Complaint and therefore denies those allegations.

70.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 70 of the Complaint and therefore denies those allegations.

71.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 71 of the Complaint and therefore denies those allegations.

72.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 72 of the Complaint and therefore denies those allegations.

73.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 73 of the Complaint and therefore denies those allegations.

74.      Friedberg admits meeting with and informing the attorney that Alameda had decided to terminate his services. Otherwise, Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 74 of the Complaint and therefore denies those allegations.

75.      Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 75 of the Complaint and therefore denies those allegations.

76.      The first sentence of paragraph 76 of the Complaint is a legal conclusion and does not contain any allegations to which a response is necessary.  To the extent an answer is required, without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg is without sufficient knowledge to form a belief as to the information in

the first sentence of paragraph 76 of the Complaint and therefore denies those allegations. Friedberg specifically denies the allegations in paragraph 76 of the Complaint, except Friedberg admits only as set forth in paragraph 3 of this Answer.  To the extent the allegations in paragraph 76 of the Complaint conflict or are inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations.

77.     Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set forth in paragraph 3 of this Answer. To the extent the allegations in paragraph 77 of the Complaint conflict or are inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations.  Otherwise, Friedberg denies the allegations in paragraph 77 of the Complaint.

78.     Friedberg denies the allegation in the first sentence of paragraph 78 of the Complaint with respect to Friedberg and is without sufficient knowledge to form a belief as to the allegations in the first sentence of paragraph 78 of the Complaint, and its accompanying footnote, with respect to anyone else, and therefore denies those allegations.  Friedberg denies the allegations in the second sentence of paragraph 78 of the Complaint.

79.     Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 79 of the Complaint and therefore denies those allegations.  The second sentence of paragraph 79 of the Complaint does not require an answer. To the extent a response is required, Friedberg is without sufficient knowledge to form a belief as to the allegations in the second sentence of paragraph 79 of the Complaint and therefore denies those allegations.

80.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 80 of the Complaint and therefore denies those allegations.

81.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 81 of the Complaint and therefore denies those allegations.

82.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 82 of the Complaint and therefore denies those allegations.

83.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 83 of the Complaint and therefore denies those allegations.

84.      Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 84 of the Complaint and therefore denies those allegations.

85.      Friedberg is without sufficient knowledge to form a belief as to the allegations in the first sentence of paragraph 85 of the Complaint and therefore denies those allegations. Friedberg denies the allegations set forth in the second sentence of paragraph 85 of the Complaint.

86.      Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 86 of the Complaint and therefore denies those allegations.

87.      Without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set forth in paragraph 3 of this Answer. To the extent the allegations in paragraph 87 of the Complaint conflict or are inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations.  Otherwise, Friedberg denies the allegations in paragraph 87 of the Complaint.

88.      Friedberg admits using Signal but denies the remaining allegations in paragraph 88 of the Complaint.

89.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 89 of the Complaint and therefore denies those allegations.

90.     Friedberg denies the allegations set forth in paragraph 90 of the Complaint.

91.     Friedberg denies the allegations set forth in paragraph 91 of the Complaint.

92.     Friedberg denies the allegations set forth in paragraph 92 of the Complaint. Friedberg is without sufficient knowledge to form a belief as to the allegations in the footnote to paragraph 92 of the Complaint and therefore denies those allegations.

93.     Friedberg denies the allegations set forth in paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint is a legal conclusion and does not contain any allegations to which a response is necessary.  To the extent an answer is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 94 of the Complaint and therefore denies those allegations.

95.     Friedberg denies the allegations set forth in paragraph 95 of the Complaint.

96.     Friedberg denies the allegations set forth in paragraph 96 of the Complaint.

97.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 97 of the Complaint and therefore denies those allegations.

98.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 98 of the Complaint and therefore denies those allegations.

99.     Friedberg denies the allegations set forth in paragraph 99 of the Complaint.

100.    Friedberg denies the allegations set forth in paragraph 100 of the Complaint.

101.    Friedberg denies the allegations set forth in paragraph 101 of the Complaint.

102.    Friedberg denies the allegations set forth in paragraph 102 of the Complaint.

103.    Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraph 103 of the Complaint and therefore denies those allegations.

104.     Friedberg denies the last sentence of paragraph 104 of the Complaint with respect to himself and is without sufficient knowledge to form a belief as to the allegations in the last sentence of paragraph 104 of the Complaint with respect to anyone else and therefore denies those allegations.  Friedberg is without sufficient knowledge to form a belief as to the remaining allegations  in paragraph 104 of the Complaint and therefore denies those allegations.

105.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 105 of the Complaint and therefore denies those allegations.

106.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 106 of the Complaint and therefore denies those allegations.

107.     Friedberg denies the allegations in the second sentence of paragraph 107 with respect to himself and is without sufficient knowledge to form a belief as to the allegations in the last sentence of paragraph 107 with respect to anyone else and therefore denies those allegations. Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 107 of the Complaint and therefore denies those allegations.

108.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 108 of the Complaint and therefore denies those allegations.

109.     Friedberg admits resigning on November 8, 2023.  Friedberg is without sufficient knowledge to form a belief as to the remaining allegations in paragraph 109 of the Complaint and therefore denies those allegations.

110.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 110 of the Complaint and therefore denies those allegations.

111.    Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 111 of the Complaint and therefore denies those allegations.

112.    Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 112 of the Complaint, and its accompanying footnote, and therefore denies those allegations.

113.    Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 113 of the Complaint and therefore denies those allegations.

114.    Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 114 of the Complaint, and its accompanying footnote, and therefore denies those allegations.

115.    Friedberg reincorporates and reasserts his responses to the allegations set forth in Paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

116.    Paragraph 116 of the Complaint is a legal conclusion and does not contain any allegations to which a response is necessary.  To the extent an answer is required, without waiving any applicable rights and defenses, and subject to Friedberg's responses made in this Answer, Friedberg admits only as set forth in paragraph 3 of this Answer.  To the extent the allegations in paragraph 116 of the Complaint conflict or are inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations.  Otherwise, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 116 of the Complaint and therefore denies those allegations.

117.    Friedberg denies the allegations in paragraph 117 of the Complaint.

118.    Friedberg denies the allegations in paragraphs 118 of the Complaint.

119.    Friedberg denies the allegations in paragraphs 119 of the Complaint.

120.    Friedberg denies the allegations in paragraphs 120 of the Complaint.

121.    Friedberg reincorporates and reasserts his responses to the allegations set forth in paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

122.    Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 122 of the Complaint and therefore denies those allegations.

123.    Friedberg denies the allegations in paragraph 123 of the Complaint.

124.    Friedberg denies the allegations in paragraph 124 of the Complaint.

125.    Friedberg reincorporates and reasserts his responses to the allegations set forth in paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

126.    Friedberg denies the allegations in paragraph 126 of the Complaint.

127.    Friedberg admits that the Plaintiffs retained the law firm for which Friedberg previously worked as described in paragraph 3 of this Answer. Otherwise, Friedberg denies the allegations in paragraph 127 of the Complaint.

128.    Friedberg admits only as set forth in paragraph 3 of this Answer.  To the extent the allegations in paragraph 128 of the Complaint conflict or are inconsistent with paragraph 3 of this Answer, Friedberg denies those allegations. Otherwise, Friedberg denies the allegations in paragraph 128 of the Complaint.

129.    Paragraph 129 of the Complaint is a legal conclusion and does not contain any allegations to which a response is necessary.  To the extent an answer is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 129 of the Complaint and therefore denies those allegations.

130.    Friedberg denies the allegations in paragraphs 130 of the Complaint.

131.    Friedberg denies the allegations in paragraph 131 of the Complaint.

132.    Friedberg reincorporates and reasserts his responses to the allegations set forth in paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

133.    Friedberg denies the allegations in paragraph 133 of the Complaint.

134.    Friedberg denies the allegations in paragraph 134 of the Complaint.

135.    Friedberg denies the allegations in paragraph 135 of the Complaint.

136.    Friedberg denies the allegations in paragraph 136 of the Complaint.

137.    Friedberg denies the allegations in paragraph 137 of the Complaint.

138.    Friedberg reincorporates and reasserts his responses to the allegations set forth in paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

139.    Friedberg denies the allegations in paragraph 139 of the Complaint.

140.    Friedberg denies the allegations in paragraph 140 of the Complaint.

141.    Friedberg denies the allegations in paragraph 141 of the Complaint.

142.    Friedberg denies the allegations in paragraph 142 of the Complaint.

143.    Friedberg reincorporates and reasserts his responses to the allegations set forth in paragraphs 1-114 of the Complaint as though the same were set forth in full herein

144.    Friedberg admits that his initial salary was $300,000 and admits the allegations in the second sentence of paragraph 144 of the Complaint.

145.    Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 145 of the Complaint and therefore denies those allegations.

146.    Friedberg denies the allegations in paragraph 146 of the Complaint.

147.     Friedberg denies the allegations set forth in paragraphs 147(a) through 147(d) of the Complaint.  Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraphs 147(e) and 147(f) of the Complaint and therefore denies those allegations.

148.     Friedberg denies the allegations set forth in paragraph 148 of the Complaint.

149.     Friedberg reincorporates and reasserts his responses to the allegations set forth in paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

150.     Friedberg admits that his initial salary was $300,000 and admits the allegations in the second sentence of paragraph 150 of the Complaint.

151.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 151 of the Complaint and therefore denies those allegations.

152.     Friedberg denies the allegations set forth in paragraph 152 of the Complaint.

153.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 153 of the Complaint and therefore denies those allegations.

154.     Friedberg denies the allegations set in paragraph 154 of the Complaint.

155.     Friedberg reincorporates and reasserts his responses to the allegations set forth in Paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

156.     Friedberg admits the allegation in the first sentence of paragraph 156 of the Complaint.  Friedberg is without sufficient knowledge to form a belief as to the allegations in the second sentence of paragraph 156 of the Complaint and therefore denies those allegations.

157.     Friedberg denies the allegations in paragraph 157 of the Complaint.

158.     Friedberg denies the allegations in paragraph 158 of the Complaint.

159.     Friedberg reincorporates and reasserts his responses to the allegations set forth in Paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

160.     Paragraph 160 of the Complaint is a legal conclusion and does not contain any allegations to which a response is necessary.  To the extent an answer is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 160 of the Complaint and therefore denies those allegations.

161.     Friedberg admits that his initial salary was $300,000, being paid performance-based bonuses, and the remaining allegations in paragraph 161 of the Complaint.

162.     Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 162 of the Complaint and therefore denies those allegations.

163.     Friedberg denies the allegations set forth in paragraph 163 of the Complaint.

164.     Friedberg denies the allegations set forth in paragraph 164 of the Complaint.

165.     Friedberg admits the allegation in the first sentence of paragraph 165 of the Complaint.  Friedberg is without sufficient knowledge to form a belief as to the remaining allegations in paragraph 165 of the Complaint and therefore denies those allegations.

166.     Friedberg denies the allegations set forth in paragraph 166 of the Complaint.

167.     Friedberg denies the allegations set forth in paragraphs 167(a) through 167(d) of the Complaint.  Friedberg is without sufficient knowledge to form a belief as to the allegations  in paragraphs 167(e) and 167(f) of the Complaint and therefore denies those allegations.

168.     Friedberg denies the allegations set forth in paragraph 168 of the Complaint.

169.     Friedberg reincorporates and reasserts his responses to the allegations set forth in Paragraphs 1-114 of the Complaint as though the same were set forth in full herein.

170.      Paragraph 170 of the Complaint is a legal conclusion and does not contain any allegations to which a response is necessary.  To the extent an answer is required, Friedberg is without sufficient knowledge to form a belief as to the information in paragraph 170 of the Complaint and therefore denies those allegations.

171.      Friedberg admits being paid an initial annual salary of $300,000, being paid performance-based bonuses, and admits the remaining allegations in paragraph 171 of the Complaint.

172.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 172 of the Complaint and therefore denies those allegations.

173.      Friedberg denies the allegations in paragraph 173 of the Complaint.

174.      Friedberg denies the allegations in paragraph 174 of the Complaint.

175.      Friedberg admits the allegations in the first sentence of paragraph 175 of the Complaint.  Friedberg is without sufficient knowledge to form a belief as to the allegations in the second sentence of paragraph 175 of the Complaint and therefore denies those allegations.

176.      Friedberg denies the allegations in paragraph 176 of the Complaint.

177.      Friedberg is without sufficient knowledge to form a belief as to the allegations in paragraph 177 of the Complaint and therefore denies those allegations.

178.      Friedberg denies the allegations in paragraph 178 of the Complaint.

179.      Friedberg denies the allegations in paragraph 179 of the Complaint.

180.      Friedberg reincorporates and reasserts his responses to the allegations set forth in Paragraphs 1-114 and Paragraphs 143–179 of the Complaint as though the same were set forth in full herein.

181.     Friedberg denies the allegations in paragraph 181 of the Complaint.

182.     Friedberg denies the allegations in paragraph 182 of the Complaint.

183.     To the extent required, Friedberg denies the Plaintiffs' Prayer for Relief.

**AFFIRMATIVE DEFENSES**

184.     **Affirmative Defense No. 1**. <u>Failure to State a Claim</u>. The Complaint fails to state facts sufficient to constitute any causes of action against Friedberg.

185.     **Affirmative Defense No. 2**. <u>Injury by Fellow Servant</u>. Friedberg is not legally responsible for any alleged damages caused to Plaintiffs which were caused by other servants of the FTX Group.

186.     **Affirmative Defense No. 3**. <u>Payments Made for Value</u>. Friedberg took for value and in good faith all payments from the Debtor.

187.     **Affirmative Defense No. 4**. <u>No Causal Connection</u>. There is no causal connection between any act or omission, or professional acts or omission, by or on behalf of Friedberg and all or any portions of any alleged damages of Plaintiffs, due to, but not limited to, unforeseeable intentional misconduct of others, including criminal conduct as the intervening, superseding cause of any of Plaintiffs' alleged damages, or any alleged damages resulting from unrelated and pre-existing conditions unrelated to any of Friedberg's alleged conduct.

188.     **Affirmative Defense No. 5**. <u>Good Faith Reliance on Counsel and Experts</u>. Friedberg in good faith relied upon advice of relevant counsel, relevant financial auditors and experts with respect to the conduct alleged in the Complaint, including but not limited to the counsel and experts cited in the attachment to this Answer as Exhibit A.

189.     **Affirmative Defense No. 6**. <u>Attorney's Fees and Interest Not Authorized</u>. Neither Attorneys' fees nor interest are not authorized for the claims brought by Plaintiffs.

190.     **Affirmative Defense No. 7**. <u>Lack of Personal Jurisdiction and Improper Venue</u>. Friedberg asserts that there is a lack of jurisdiction over Friedberg. This pleading does not waive Friedberg's right to contest jurisdiction, including personal jurisdiction.  Friedberg asserts that the venue is improper, due to, without limitation, that no services were performed in Delaware.  This pleading does not waive Friedberg's right to contest venue.

191.     **Affirmative Defense No. 8**. <u>Unclean Hands</u>. The Plaintiffs and their representatives engaged in misconduct related to the Complaint, have unclean hands, and have brought the Complaint for an improper purpose.

192.     **Affirmative Defense No. 9.** <u>Acquiescence and Ratification.</u> Plaintiffs had full knowledge of all the alleged conduct and events, but Plaintiffs acted in a manner such that Plaintiffs acknowledged, recognized, and approved any of Friedberg's alleged conduct, precluding Plaintiffs ability to dispute any of Friedberg's alleged conduct.

193.     **Affirmative Defense No. 10**. <u>*In Pari Delicto*</u>.  Plaintiffs' cannot recover any alleged damages against Friedberg because Plaintiffs' own contributing conduct is equal to or greater than any of Friedberg's alleged improper conduct.

194.     **Affirmative Defense No. 11**. <u>Offset/Recoupment</u>.  If Plaintiffs recover a judgment against Friedberg, the judgment amount must be reduced by an amount to be determined to account for any amounts owed to Friedberg by Plaintiffs pursuant to rights of indemnification, offset, and/or recoupment.

195.     **Affirmative Defense No. 12.** <u>Exercise of Due Care.</u> Friedberg's professional conduct as an attorney during all relevant times met the standard of care expected of a reasonably competent attorney under similar circumstances.

196.     **Affirmative Defense No. 13.** <u>Beyond Scope of Professional Liability.</u> The Plaintiffs' allegations of Friedberg's acts or omissions, including but not limited to, failure to establish financial and accounting controls and failure to investigate corporate loan advisability fall outside the scope of an attorney's role, practice, and any of Friedberg's alleged legal services retainers.

197.     **Affirmative Defense No. 14.** <u>Statute of Limitations.</u> The applicable legal malpractice statute of limitations expired prior to Plaintiffs filing the Complaint.

198.     **Affirmative Defense No. 15.** <u>Whistleblower Protection</u>. Friedberg qualifies as a protected whistleblower, including under 19 *Del. C.* § 1703, and therefore Friedberg enjoys all of the applicable protections thereunder and is entitled to any applicable corresponding relief.

199.     **Affirmative Defense No. 16**. <u>Additional Potential Affirmative Defenses.</u> Friedberg does not presently have sufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated affirmative defenses. Friedberg reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## **JURY TRIAL DEMAND OF ALL CLAIMS AND COUNTERCLAIMS**

200.     PLEASE TAKE NOTICE that Friedberg hereby demands a jury trial with respect to all of Plaintiffs' claims asserted against Friedberg and all Counterclaims asserted by Friedberg against Plaintiffs below.

## **RESERVATION OF RIGHTS**

201.    Capitalized terms used but not defined in this answer shall have the meanings set forth in the Complaint.

202.    Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Delaware Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 7008-1, in this pending adversary proceeding, Case No. 23-50419 (JTD), under the Chapter 11 case of the above captioned debtors, Case No. 22-11068 (JTD), Friedberg does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

203.    Friedberg reserves the right to amend or supplement this Answer based on further formal or informal discovery and/or in response to any amendments or supplements to the Complaint made by Plaintiffs, and for any such amendments or supplements to the Answer to relate back to the filing of the original Answer.

204.    The filing of this pleading is not intended to waive Friedberg's: (a) right to contest the subject matter, personal jurisdiction, or venue of this Bankruptcy Court with respect to Friedberg; (b) right to contest the choice of law with respect to any of Plaintiffs' claims; (c) right to have final orders in non-core matters entered only after *de novo* review by a United States District Court; and (d) right to have the reference withdrawn by a United States District Court in any matter subject to mandatory or discretionary withdrawal; and (e) the right to a jury trial on any and all claims and counterclaims.  Accordingly, this pleading should not be construed as a waiver of any such rights.

205.     To the extent any allegations in the Complaint are not expressly admitted herein, such allegations shall be deemed denied and Friedberg demands proof thereof.

206.     Plaintiffs' Complaint was amended by Plaintiffs' Notice of Filing Corrected Pages of Complaint and, although this was out of order, Friedberg accepts the Notice of Filing (despite it being incorrectly titled as a Notice rather than an Amended Complaint) as an amendment to the Complaint without leave of the Bankruptcy Court. Therefore, Plaintiffs have already amended their Complaint one time.

## PRAYER FOR RELIEF

207.     WHEREFORE, Friedberg's Answer prays for the following relief:

A.     That the Complaint be dismissed with prejudice;

B.     That judgment be entered in favor of Friedberg on all claims and against Plaintiffs;

C.     That Friedberg be awarded its attorneys' fees and costs; and

D.     For such other and further relief as the Court may deem proper.

## COUNTERCLAIMS

Defendant Daniel Friedberg, by his attorneys, by way of Counterclaims against Plaintiffs alleges as follows:

## JURISDICTION AND VENUE

208.      Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Delaware Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 7008-1, in this pending adversary proceeding, Case No. 23-50419 (JTD), under the Chapter 11 case of the above captioned debtors, Case No. 22-11068 (JTD), Friedberg does not consent to the entry of final orders or judgments by the Court if it is determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

209.    The Bankruptcy Court has subject matter jurisdiction over the Complaint. The Counterclaims are intertwined with the conduct alleged in the Complaint and properly brought in response to the Complaint.  The operative facts underlying Plaintiffs' claims are inexorably bound up and intertwined with Friedberg's Counterclaims.

210.    Venue is proper because the operative facts underlying Friedberg's Counterclaims are inexorably bound up and intertwined with Plaintiffs' claims, and under 28 U.S.C. § 1409(a). Friedberg reserves the right to contest venue as to Plaintiffs' claims.

## COUNTERCLAIM COUNT I
### Statutory Indemnity—California Labor Code
#### (against Alameda)

211.    This count is against Alameda Research LLC ("Alameda"), a Counterclaim Defendant.

212.    Friedberg's employment with Alameda is governed by California law.

213.    Alameda's head US office was in California at the time Friedberg was employed by Alameda.

214.    Friedberg's Employment Assignment and Confidentiality Agreement signed at the time of entering into his employment was governed exclusively by California law.

215.    The Employment Assignment and Confidentiality Agreement, despite its title, constituted an employment agreement under California law as it was signed as a condition to entering employment and established Friedberg's terms of employment including its term that Friedberg's employment was "at will."

216.     California labor code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

217.     Friedberg never obeyed directions by the FTX Group that he believed to be unlawful, and nor does the Complaint so allege.

218.     Any losses of Friedberg resulting from the allegations in the Complaint are covered by the foregoing statute and subject to indemnity by Alameda, including Friedberg's reasonable costs and attorneys' fees.

219.     Friedberg has already made expenditures and incurred necessary losses to date that were a direct consequence of his discharging duties for Alameda and his obedience to his employer including defending the allegations in the Complaint, and Friedberg is continuing to suffer further necessary expenditures and losses.

<u>COUNTERCLAIM COUNT I PRAYER FOR RELIEF</u>

WHEREFORE, Friedberg requests that the Court enter judgment against Alameda as follows:

A.     An amount equal to any and all losses, claims or damages resulting from his discharging duties for Alameda or his obedience to Alameda, including all losses of any nature resulting from the Complaint;

B.      Reimbursement of Friedberg's attorneys' fees and costs resulting from his discharging duties for Alameda or his obedience to Alameda, including all losses of any nature resulting from the Complaint; and

C.      For such other and further relief as the Court may deem proper.

## COUNTERCLAIM COUNT II
### Contractual Indemnity
#### (against Alameda)

220.    This count is against Alameda Research LLC ("Alameda"), a Counterclaim Defendant

221.    Friedberg provided services to Alameda as an employee, including serving as General Counsel.

222.    Alameda's Operating Agreement provides mandatory broad indemnification for all claims and losses (including attorneys' fees) arising from conduct related to Friedberg's services for Alameda, including the allegations in the Complaint.

223.    Any losses or damages of Friedberg resulting from the allegations in the Complaint are covered by the foregoing contractual indemnity in the Operating Agreement and subject to indemnity by Alameda, including Friedberg's reasonable costs and attorneys' fees.

224.    Friedberg has already made expenditures and incurred necessary losses to date that were a direct consequence of his discharging duties for Alameda including defending the allegations in the Complaint, and Friedberg is continuing to suffer further necessary expenditures and losses.

COUNTERCLAIM COUNT II PRAYER FOR RELIEF

WHEREFORE, Friedberg requests that the Court enter judgment against Alameda as follows:

A.    An amount equal to any and all losses, claims or damages resulting from his discharging duties for Alameda or his obedience to Alameda, including all losses of any nature resulting from the Complaint;

B.    Reimbursements of Friedberg's attorneys' fees and costs, including all losses of any nature resulting from the Complaint; and

C.    For such other and further relief as the Court may deem proper.

## COUNTERCLAIM COUNT III
### Contractual Indemnity
### (against FTX Trading Ltd., WRS, and FTX US)

225.    This count is against FTX Trading Ltd. ("FTX"), WRS, and FTX US, Counterclaim Defendants.

226.    Friedberg provided services to FTX Trading Ltd., including serving as General Counsel from January 2020 until August 2021, and as Chief Regulatory Officer from approximately October 2021 until November 2022.[7]

227.    The Articles of Incorporation and By-laws (together, the "FTX Charter") of FTX provides mandatory broad indemnification for all claims and losses (including attorneys' fees) arising from conduct related to Friedberg's services for FTX, including the allegations in the Complaint.

---

[7] Friedberg did not retain copies of the Debtors' corporate and governing documents, nor was Friedberg under any known obligation or duty to do so. Friedberg does not have copies of or access to any board meeting minutes and/or board or corporate resolutions that are part of the Debtors' books and records that would be the official corporate record evincing any formal or informal investiture of his titles, roles, duties, or responsibilities.

228.     Any losses or damages to Friedberg resulting from the allegations in the Complaint are covered by the foregoing contractual indemnity in the FTX Charter and subject to indemnity by FTX, including Friedberg's reasonable costs and attorneys' fees.

229.     Friedberg served as WRS's General Counsel from January 2020 until July 2021.

230.     The Bylaws of WRS provide Friedberg an express mandatory indemnification right against all expenses, liability and loss (including attorney's fees, judgments, fines, ERISA excise taxes and penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by Friedberg in connection with Friedberg's services for WRS, including the allegations in the Complaint.

231.     Any losses or damages to Friedberg resulting from the allegations in the Complaint are covered by the foregoing contractual indemnity in the WRS Bylaws and subject to indemnity by WRS, including but not limited to Friedberg's reasonable costs and attorneys' fees.

232.     Friedberg served as FTX US's Chief Compliance Officer and Executive Vice President from January 2020 until November 2022, and General Counsel from January 2020 until July 2021.

233.     The Bylaws of FTX US provide Friedberg a mandatory indemnification right against all expenses, liability and loss (including attorney's fees, judgments, fines, ERISA excise taxes and penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by Friedberg in connection with Friedberg's services for FTX US, including the allegations in the Complaint.

234.     Any losses or damages to Friedberg resulting from the allegations in the Complaint are covered by the foregoing contractual indemnity in the FTX US Bylaws and subject to

indemnity by FTX US, including but not limited to Friedberg's reasonable costs and attorneys' fees.

235.     Friedberg has already made expenditures and incurred necessary losses to date that were a direct consequence of his discharging duties for FTX, WRS, and FTX US, including defending the allegations in the Complaint, and Friedberg is continuing to suffer further necessary expenditures and losses.

<u>COUNTERCLAIM COUNT III PRAYER FOR RELIEF</u>

WHEREFORE, Friedberg requests that the Court enter judgment against FTX, WRS, and FTX US as follows:

A.     An amount equal to any and all losses, claims or damages resulting from his discharging duties for FTX, WRS, and FTX US, or his obedience to FTX, WRS, and FTX US, including all losses of any nature resulting from the Complaint;

B.     Reimbursements of Friedberg's attorneys' fees and costs, including all losses of any nature resulting from the Complaint; and

C.     For such other and further relief as the Court may deem proper.

**COUNTERCLAIM COUNT IV**
**Statutory Indemnity—8 *Del. C.* § 145(c)**
**(against WRS and FTX US)**

236.     This count is against West Realm Shires, Inc. ("WRS") and West Realm Shires Services Inc., ("FTX US") both Counterclaim Defendants.

237.     Friedberg provided services to WRS and FTX US as General Counsel from January 2020 to July 2021; and with respect to FTX US, Friedberg served as Executive Vice President and

Chief Compliance Officer from January 2020 to November 2022, and General Counsel from January 2020 until July 2021.

238.     Both WRS and FTX US are Delaware corporations.

239.     Section 145(c) of the Delaware General Corporation Law provides for mandatory indemnification to the extent that an officer is successful in defense of any action, suit or proceeding, or in defense of any, claim issue or matter that generally relates to his employment as an officer, including all of the claims in the Complaint. 8 *Del. C.* § 145(c).

240.     As Friedberg is proved successful in each and every Count in the Complaint, whether by the Counts being voluntarily dropped by Plaintiffs or otherwise, Friedberg is entitled to indemnification under the foregoing statute for all his costs, including reimbursement of attorneys' fees from the Plaintiffs.

COUNTERCLAIM COUNT IV PRAYER FOR RELIEF

WHEREFORE, Friedberg requests that the Court enter judgment against WRS and FTX US as follows:

A.     An amount equal to any and all losses, claims or damages resulting from each and every of the Counts in the Complaint that Friedberg is successful in defending;

B.     Friedberg's attorneys' fees and costs resulting from each and every of the Counts in the Complaint that Friedberg is successful in defending;

C.     That such amounts shall be payable promptly after Plaintiffs withdraw the subject Count or it is otherwise determined that Friedberg is successful with respect to each subject Count; and

D.     For such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated: October 20, 2023
       Wilmington, Delaware

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena (No. 4166)
500 Delaware Ave, Suite 700
Wilmington, Delaware 19801
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
E-mail: Rafael.Zahralddin@lewisbrisbois.com

-and-

Francis G.X. Pileggi (No. 2624)
500 Delaware Ave, Suite 700
Wilmington, Delaware 19801
Telephone: (302) 985-6002
Facsimile: (302) 985-0407
E-mail: Francis.Pileggi@lewisbrisbois.com

-and-

Sean Shecter (*pro hac vice* to be filed)
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 939-3364
Facsimile: (954) 728-1282
E-mail: Sean.Shecter@lewisbrisbois.com

-and-

Sarah Adam (*pro hac vice* to be filed)
77 water Street, Suite 2100
New York, NY 10005
Telephone: (646) 450-7896
Facsimile: (212) 232-1399
Email: Sarah.Adam@lewisbrisbois.com

EXHIBIT A

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED